Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of a popular name and ballot title for a proposed initiated act. You have previously asked for certification of four separate submissions, each proposing a popular name and ballot title for a similar measure. I rejected those submissions in Opinions 99-298, 99-336, 99-380 and 99-381 due to a number of unresolved ambiguities arising from the text of the measure. You have made changes to the text of your proposal, have restyled it as an initiated act and now submit the following proposed popular name and ballot title for my certification:
 POPULAR NAME DEALER INFORMATION AND TAX DEDUCTIONS ON THE COST OF A VEHICLE BI FUEL CARBURETOR SYSTEM
 BALLOT TITLE ACT TO REQUIRE DEALERS TO INFORM A CUSTOMER PURCHASING A VEHICLE WITH INFORMATION ON THE AVAILABLE VEHICLE MODELS WITH A FACTORY INSTALLED BI FUEL CARBURETOR AND POST FACTORY INSTALLATION OF A BI FUEL CARBURETOR ON APPLICABLE NEW AND USED VEHICLE MODELS BY ALL MANUFACTURERS TO USE BOTH NATURAL GAS OR GASOLINE, FEDERAL AND STATE SUBSIDIES AND TAX DEDUCTIONS, TAX DEDUCTIONS ON THE PURCHASE PRICE OF NATURAL GAS VEHICLE FUEL EQUIPMENT, COMPARISONS OF NATURAL GAS AND GASOLINE VEHICLE EXHAUST EMMISSIONS [SIC], COMPARITIVE [SIC] COST OF NATURAL GAS AND GASOLINE PER GALLON BEFORE A CUSTOMER PURCHASES A NEW OR USED VEHICLE WITH TWENTY THOUSAND MILES AND LESS ON THE ODOMETER: TO PROVIDE THE DEALER PLACES A PLACARD ON APPLICABLE VEHICLES TO INFORM THE PUBLIC OF AN AVAILABLE BI FUEL VEHICLE: TO PROVIDE THE STATE ISSUES THE NECESSARY PUBLICATIONS FOR THE DEALERS: TO PROVIDE A FINE FOR NON COMPLIANCE OF DEALERS NOT INFORMING A BUYER OF THE AFOREMENTIONED INFORMATION: TO PROVIDE A DEDUCTION ON THE FACTORY AND POST FACTORY INSTALLATION COST OF A BI FUEL CARBURETOR SYSTEM FROM THE SALES TAX: TO PROVIDE A DEDUCTION OF THE PURCHASE PRICE OF A NEW AND USED VEHICLE WITH A BI FUEL CARBURETOR SYSTEM FROM THE STATE INCOME TAX: TO PROVIDE A DEDUCTION OF THE PURCHASE PRICE OF A NATURAL GAS VEHICLE FUELING EQUIPMENT FROM THE SALES TAX AND STATE INCOME TAX OVER FIVE YEARS: TO PROVIDE THE STATE, COUNTY, FIRST AND SECOND CLASS CITIES ARE REQUIRED TO PURCHASE VEHICLES WITH BI FUEL CARBURETOR SYSTEMS WITH AN EXCEPTION ON PURCHASING VEHICLES WITH A SPECIFIC USE NOT AVAILABLE WITH A FACTORY INSTALLED AND POST FACTORY INSTALLATION OF A BI FUEL CARBURETOR SYSTEM:
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed act. See Arkansas Women's Political Caucus v.Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed act that will give the voter a fair understanding of the issues presented.Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v.Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed measure, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must again reject both your proposed popular name and ballot title due to several unresolved ambiguities in the text of your proposed measure. There are a number of additions or changes to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107(b).
The following ambiguities must be clarified before I can perform my statutory duty:
 1. Section 1 of your proposal refers to the "Office of Motor Services," which is defined in your proposal as "any authorized agent of the Office of Motor Services." Section 7(1)(c).[1] This reference is also used in Section 2(1) and (3) and Section 6(1), (b) (3) and (5). This reference is ambiguous. Current Arkansas law in this regard contains references to either the" Office of Motor Vehicle" (see A.C.A. § 27-14-401 (Repl. 1994)) or the "Office of Driver Services" (see A.C.A. § 27-16-402) (Repl. 1994)). I cannot determine to which, if either, of these Offices your proposal refers.
 2. Section 1 (10) and (11) of your proposal punishes motor vehicle dealers for "not having a buyer sign [a] triplicate form" required by your proposed act. Your proposal states that a dealer not having the buyer sign such a form "shall be guilty in a court of law of non compliance within the provisions of this act on the charge of fraud for all purposes to deceive." Subsection (11) of Section 1 states that dealers found guilty of violating the act "shall pay a fine of fifteen hundred ($1500.00) dollars to the court, and the amount of fifteen hundred ($1500.00) dollars payable to the buyer." The language" on the charge of fraud for all purposes to deceive" is ambiguous. To my knowledge this is not an existing criminal offense. It appears that the only proof required to establish noncompliance with the act is the fact that the dealer failed to have the buyer sign the triplicate form. It is unclear, therefore, whether the reference to the "charge of fraud for all purposes to deceive" requires proof of any additional elements in order to secure a conviction. Again, this language is ambiguous.
 3. Section 2 of your proposal requires dealers to place placards on the windows of vehicles available with factory installed or post factory installed bi-fuel carburetors. Subsection (2) of this Section states that any dealer not placing the placard as required shall be guilty of a Class "B" misdemeanor "punishable within the judicial guidelines of the State of Arkansas." There are, to my knowledge, no "judicial guidelines" setting the proper punishments in Arkansas for Class "B" misdemeanors. There are some statutory guidelines setting ranges of punishment for the various classifications of offenses, within which the judiciary may exercise some discretion. See, e.g., A.C.A. § 5-4-201
(allowing a fine not exceeding $500 for a Class B misdemeanor) and A.C.A. § 5-4-401(b)(2) (allowing a sentence of not to exceed ninety days for a Class B misdemeanor). The allowable punishments for a Class B misdemeanor are therefore provided by law. Such punishments are not, however, established by "judicial guidelines." I am unable therefore to fairly summarize the provisions of your proposal in this regard.
 4. Section 4 of your proposed act provides as follows: "The buyer of any vehicle with a bi fuel carburetor system on an available new vehicle, and post factory installation of a bi fuel carburetor system on a new and used vehicle with twenty thousand (20,000) miles, and less on the odometer shall deduct from their personal and business gross earned income taxed by the state the purchase price of the vehicle, but shall not exceed the actual cost of the bi fuel carburetor system to the buyer after deductions of any and all federal and state subsidies, and any and all other tax deductions have been deducted from the cost of the bi fuel carburetor system." (Emphasis added.) As an initial matter, the use of the conjunction "and" in several places in this section is ambiguous. For example, it is impossible, in my estimation, for a vehicle to be both "new" and "used," and to have "twenty thousand miles" and "less" on the odometer. More importantly, however, I cannot determine the amount of the tax deduction authorized by this Section. The first part of the sentence appears to allow a deduction for the" purchase price of the vehicle," but the second part of the sentence appears to limit the deduction to the "actual cost of the bi fuel carburetor system." I cannot therefore fairly summarize this provision to the voters.
 5. Section 5 of your proposed act states that "The purchase of any natural gas vehicle fueling equipment by any person and business for personal, business and commercial use shall be exempt from the gross receipts sales tax, and any and all taxes by whatever name used." I cannot determine whether this provision of your proposed act would exempt such equipment from personal property taxes. To the extent that it would, it is in all likelihood unconstitutional, at least with regard to business or commercial usage of such equipment. See Arkansas Constitution, art. 16, §§ 5 and 6 and Amendment 71.
 6. Section 6(1)(a) of your proposed act states that "The state, county, and cities of the first and second class, and agencies thereof, shall within the provisions of the required law make public notice of the public bid on vehicles with the requirement to purchase bi fuel carbureted vehicles." This language is ambiguous. I surmise that it is your intention to make a bi fuel carburetor part of the bid specifications for the purchase of vehicles by the listed public entities. The current language is too unclear to admit of this interpretation, however.
 7. Section 7(1)(a) of your proposed act defines the term "dealer" for purposes of your proposal as "any franchised and licensed business by a vehicle manufacturer to sell vehicles and any person acting within their scope of employment to sell vehicles." The proper construction of this definition is unclear. Specifically, it is unclear whether the definition refers only to franchised dealers and persons acting within the scope of their employment with such franchised dealers, or whether the last clause, separated by the conjunction "and," stands separately and subjects any person who sells vehicles within the scope of their employment, whether working for a franchised dealer or not, to the provisions of your act.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the issue discussed above, resubmit your proposed measure, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General
[1] There are two subdivisions numbered Section 7(1)(c) in Section 7 of your proposal. The relevant definition is found in the second such numbered subdivision.